ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrido<br><br>V.<br><br>JOSÉ DE JESÚS GENAO CRUZ<br><br>Parte Recurrente | TA2026CE00275 | *REVISIÓN JUDICIAL* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br>_____<br>Caso Núm.: D VI2008G0082<br>_____<br>SOBRE:<br>A106/GRADOS DE ASESINATO |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de marzo de 2026.

Comparece ante nos José De Jesús Genao Cruz (en adelante, "Genao Cruz" o "peticionario") por derecho propio, para solicitar la expedición del auto de *certiorari* para revisar la *Orden*[1] emitida el 12 de enero de 2026, notificada el 3 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"). Mediante la referida *Orden*, el foro primario concedió un término adicional de quince (15) días, solicitado por el Ministerio Público.

Por los fundamentos que exponemos a continuación, se **deniega** el recurso de *certiorari* solicitado por el peticionario.

-I-

En lo pertinente al recurso ante nuestra consideración, la Sala Superior de Bayamón del Tribunal

---

[1] Apéndice Núm. 2 de la Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

de Primera Instancia emitió una *Resolución*[2] el 3 de diciembre de 2024, en respuesta a un escrito titulado "Moción Ley de ADN Post Sentencia Ley Núm. 246-2015, 34 LPRA Sec. 4021" presentado por Genao Cruz. En dicha *Resolución*, ordenó al Ministerio Público proveer cualquier y/o toda evidencia exculpatoria obtenida durante la investigación y procesamiento del caso criminal en contra de Genao Cruz, que alegadamente no le fue entregada.

Luego de varios trámites procesales, el 12 de enero de 2026, el TPI dictó la *Orden* que hoy nos ocupa. A través de esta, concedió un término adicional de quince (15) días solicitado por el Ministerio Público. Es pertinente resaltar que, el 3 de febrero de 2026, la notificación de la referida *Orden* fue enmendada, a los fines de corregir el nombre de la jueza que dictó la orden.

Inconforme, el 5 de marzo de 2026, Genao Cruz oportunamente compareció ante nos por medio de un escrito de *Certiorari*.[3] En el referido escrito, alegó que el Ministerio Público ha solicitado tiempo adicional en varias ocasiones para cumplir con las órdenes dictadas por el TPI. Sostuvo que este ha incurrido en desacato, al no poder cumplir con la *Orden* de proveer la evidencia exculpatoria obtenida durante la investigación y procesamiento del caso en su contra, incluyendo pruebas de ADN.[4]

De conformidad con la facultad que nos concede la Regla 7(B)(5) del Reglamento del Tribunal de

---

[2] Pág. 13 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[3] Entrada Núm. 1 del SUMAC TA.
[4] Cabe destacar que el mencionado escrito aparece fechado por Genao Cruz el día 27 de febrero de 2026.

Apelaciones, según enmendada, *In re Enmdas. Reglamento TA*, 2025 TSPR 141, 217 DPR __ (2025), optamos por prescindir de la comparecencia de la parte recurrida, para disponer de manera eficiente el asunto.

## -II-

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal de menor jerarquía.[5] En lo sustantivo, se le considera un recurso extraordinario, mediante el cual un foro revisor está facultado para enmendar los errores que cometió el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley".[6]

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[7] señala los criterios que debemos considerar.[8] La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[5] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[6] Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.
[7] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.
[8] Véase, *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008); *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[9]

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y tampoco constituye una lista exhaustiva.[10] El Tribunal Supremo también ha expresado que, de ordinario, el foro revisor no debe intervenir con ejercicios discrecionales del foro revisado. Ello, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[11]

-III-

El peticionario recurre de una *Orden* por medio de la cual el foro primario concedió un término adicional de quince (15) días solicitado por el Ministerio Público. Tras un examen minucioso del recurso ante nos y la totalidad del expediente, concluimos denegar la expedición del auto de *certiorari* presentado.

---

[9] Reglamento del Tribunal de Apelaciones, *supra*.
[10] *García v. Padró*, 165 DPR 324, 335 (2005).
[11] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Al revisar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, concluimos que no existen razones que justifiquen nuestra intervención con la determinación del foro primario. Solo debemos intervenir con las determinaciones hechas por el foro de instancia cuando se pruebe que dicho foro actuó con perjuicio o parcialidad, que haya incurrido en craso abuso de discreción, o que haya incurrido en error manifiesto. Salvo que incurra en una de las conductas mencionadas, el foro primario merece nuestra deferencia. Por lo que, se deniega el recurso de certiorari.

## -IV-

Por los fundamentos antes expuestos, **denegamos** la expedición del recurso presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*